UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. H-15-637 |
| § | |
| ALFONZO ELIEZER § | |
| GRAVINA-MUNOZ § | |
| § | |

**GOVERNMENT'S MOTION TO HOLD BARIVEN, S.A.'S MOTION FOR RECOGNITION OF ITS RIGHTS AS A VICTIM AND ENTITLEMENT TO RESTITUTION IN ABEYANCE UNTIL SENTENCING AND STAY FURTHER BRIEFING**

The United States, by and through its attorneys, Chief of the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney for the Southern District of Texas, hereby respectfully submits this motion to hold third-party claimant Bariven, S.A. ("Bariven")'s Motion for Recognition of Its Rights as a Victim and Entitlement to Restitution in abeyance until sentencing in this matter and stay further briefing until such a motion is ripe and ready for decision.  As explained more fully below, (1) Bariven's motion for restitution is premature and (2) this Court need not decide whether Bariven qualifies as a victim at this point in the proceedings because, although the Government does not believe that Bariven is a victim entitled to restitution, the Government has agreed to reasonably confer with counsel for Bariven and provide notice of upcoming public

court proceedings so as not to prejudice Bariven until the time that its motion is ripe and can be decided.

On December 10, 2015, Roberto Enrique Rincon Fernandez ("Rincon") and Abraham Jose Shiera Bastidas ("Shiera") were indicted under seal on eighteen counts of conspiracy to violate the Foreign Corrupt Practices Act ("FCPA"), substantive violations of the FCPA, conspiracy to commit money laundering, and substantive money laundering. The charges were premised on Rincon's and Shiera's roles in a scheme to corruptly secure energy contracts from Venezuela's state-owned and state-controlled energy company, Petroleos de Venezuela, S.A. ("PDVSA") and its subsidiaries, including its procurement subsidiary, Bariven, by offering and paying bribes to a number of PDVSA and Bariven officials, including high-level officials, and then laundering the proceeds of the bribery scheme. On March 22, 2016, Shiera pleaded guilty to one count of conspiracy to violate the FCPA and one substantive FCPA count. On June 16, 2016, Rincon pleaded guilty to one count of conspiracy to violate the FCPA, one substantive FCPA count, and one count of making false statements on his federal income tax return. On December 10, 2015, the date Rincon and Shiera were indicted, Defendant Alfonzo Eliezer Gravina Munoz ("Defendant"), a former PDVSA official who accepted bribes from Rincon and Shiera and conspired to launder the proceeds of the bribery scheme, pleaded guilty under seal to a criminal information charging him with one count of

conspiracy to commit money laundering and one count of making false statements on his federal income tax return.  The charges against Defendant were unsealed on March 22, 2016, at the time of Shiera's guilty plea.  At present, Defendant is scheduled to be sentenced on July 14, 2017.

On November 30, 2016, third-party claimant Bariven filed a motion seeking recognition as a victim and entitlement to restitution under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A.[1]

Bariven's motion seeking restitution under the MVRA is premature, as any request for restitution is not ripe until the sentencing of Defendant, which is currently set for July 14, 2017, more than six months from now.  "The right to 'full and timely restitution' attaches at the defendant's sentencing hearing, where the district court may order restitution after considering the presentence report and other documentation or testimony."  *In re Stake Center Locating, Inc.*, 717 F.3d 1089, 1090 (9th Cir. 2013) (per curiam) (holding that because the defendant's sentencing was still pending, a putative victim's request for restitution under the CVRA and MVRA was "not yet ripe"); *see also* 18 U.S.C. § 3663A(a)(1) (providing for

---

[1] On the same day, Bariven filed substantially identical motions in the related prosecutions pending before this Court of Rincon and Shiera, *United States v. Roberto Enrique Rincon Fernandez and Abraham Jose Shiera Bastidas*, No. 4:15-cr-00654, one of Rincon's and Shiera's co-conspirators, *United States v. Moises Abraham Millan Escobar*, No. 4:16-cr-00009, and two other former PDVSA and Bariven officials who accepted bribes from Rincon and Shiera and conspired to launder the proceeds of the bribery scheme, *United States v. Jose Luis Ramos Castillo,* No. 4:15-cr-00636; *United States v. Christian Javier Maldonado Barillas*, No. 4:15-cr-00635.  The Government has filed substantially identical motions in those cases seeking the same relief.

restitution under the MVRA "when sentencing a defendant"); 18 U.S.C. § 3663A(c)(1) ("This section shall apply in all sentencing proceedings . . . .").

Whether or not Bariven is entitled to restitution under the law is dependent on a number of factors, and the Court's analysis of those factors may very well be impacted by future events and new information. The Court is entitled to consider all of the evidence and information prior to deciding this issue. Moreover, the Government anticipates that it is possible that Defendant's sentencing hearing may be further continued beyond July 14, 2017. Accordingly, prudential reasons counsel in favor of holding Bariven's motion for restitution in abeyance until the issue is ripe for decision.

The Court also need not decide at the current stage of the proceedings whether third-party claimant Bariven is entitled to victim status under the CVRA. On December 13, 2016, the Government met with counsel for Bariven, at which time the Government represented that the Government intended to continue to reasonably confer with counsel for Bariven concerning its motion seeking recognition as a victim and restitution. *See* 18 U.S.C. § 3771(a)(5). The Government also agreed that it would provide counsel for Bariven "reasonable, accurate, and timely notice of any public court proceeding" in this case, as contemplated by the CVRA, so as not to prejudice Bariven until its motion is ripe and ready to be decided. *See* 18 U.S.C. § 3771(a)(2). Although the Government does not agree that Bariven qualifies

as a victim or is entitled to restitution under the law, the Government's willingness to provide Bariven with the protections specified above adequately accommodates Bariven's rights as a putative victim and maintains the status quo until such time as it is appropriate for the Court to resolve these issues.

WHEREFORE, it is respectfully requested that the Government's motion be granted and that the Court issue an Order:

1. holding Bariven's Motion for Recognition of Its Rights as a Victim and Entitlement to Restitution in abeyance until such motion is ripe and ready for decision at the time of Defendant's sentencing hearing;

2. staying further briefing on Bariven's motion until further order of the Court setting forth a briefing schedule for the Government (and, if he so chooses, Defendant) to file substantive responses to Bariven's motion;

3. ordering any other relief the Court finds just and appropriate.

Respectfully submitted,

| | |
|---|---|
| ANDREW WEISSMANN | KENNETH MAGIDSON |
| CHIEF, FRAUD SECTION | UNITED STATES ATTORNEY |
| Criminal Division | Southern District of Texas |
| United States Department of Justice | |

*s/ Jeremy R. Sanders*              *s/ Robert S. Johnson*

AISLING O'SHEA                    JOHN PEARSON
JEREMY R. SANDERS            DEPUTY CHIEF
TRIAL ATTORNEYS              ROBERT S. JOHNSON
                                            ASSISTANT UNITED STATES ATTORNEY

Fraud Section, Criminal Division      U.S. Attorney's Office
U.S. Department of Justice              Southern District of Texas
1400 New York Avenue, N.W.         1000 Louisiana, Ste. 2300
Washington, D.C. 20005                  Houston, TX 77002
Tel:   (202) 353-9795                       Tel:   (713) 567-9342

## CERTIFICATE OF CONFERENCE

I certify that, on December 20 and 22, 2016, the undersigned counsel for the Government conferred with Michael J. Hinton, counsel for third-party claimant, Bariven, S.A., regarding the nature of the foregoing motion, but counsel for Bariven stated that he was unable to agree to the relief requested by the Government at this time. The Government has also conferred with counsel for Defendant who did not object to the relief requested by the Government in the foregoing motion.

*s/ Robert S. Johnson*

Robert S. Johnson
Assistant United States Attorney
Southern District of Texas

## CERTIFICATE OF SERVICE

I hereby certify that, on December 22, 2016, I electronically filed the foregoing motion with the Clerk of the Court using the ECF/CM system for filing and service on all counsel of record.

>*s/ Jeremy R. Sanders*
>Jeremy R. Sanders
>Trial Attorney
>Fraud Section, Criminal Division
>U.S. Department of Justice